# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>*EX PARTE* APPLICATION OF SPS CORP I – FUNDO DE INVESTIMENTO EM DIREITOS CREDITÓRIOS NÃO PADRONIZADOS FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:21-mc-00565-CFC |

## ERNST & YOUNG LLP'S OPPOSITION TO APPLICATION

Ernst & Young LLP ("EY-US") respectfully submits this opposition to the *ex parte* application under 28 U.S.C. § 1782 (D.I. 1) (the "Application") submitted by SPS Corp I – Fundo de Investimento em Direitos Creditórios Não Padronizados ("SPS") seeking to take discovery of General Motors Company ("GM"), Deloitte & Touche LLP, and EY-US.

The Application should be denied for the reasons stated in GM's opposition (D.I. 12). The Application should also be denied because SPS has failed to identify any information in EY-US's possession that would be relevant to this decades-long Brazilian tax dispute, let alone information uniquely in EY-US's possession and that would justify SPS's wildly overbroad proposed discovery requests. One is hard pressed to find in the Application's lengthy discussions of arcane Brazilian tax code provisions and procedural history *any* discussion of EY-US's relevance to the

dispute. (*See* D.I. 2.) The handful of pages that do discuss EY-US boil down to the fact that it audited GM's (publicly available) consolidated financial statements for the fiscal years 2018 through 2021. (*See id.* at 5-6.) SPS claims that those financial statements "include the financial statements of GM Brazil," and that "[u]pon information and belief, those financial statements will include information about any IPI tax overpayments that GM Brazil has recovered or received credit for from the Brazilian federal government." (*Id.*)

SPS's vague speculation is flawed but irrelevant, because there is no dispute that GM Brazil's financial statements, and all supporting financial records, are in the possession of *GM Brazil*. EY-US, as auditor of the consolidated financial statements, does not create any financial statements or any of the underlying financial records, but opines based on its audit procedures whether those financial statements "present fairly, in all material respects, the financial position of [GM] . . . in conformity with U.S. generally accepted accounting principles" as of the date of the statements. (*See id.* Ex. G (D.I. 2-2), at ECF p. 89 (EY-US audit report contained in GM's 2020 Form 10-K); *see also id.* ("These financial statements are the responsibility of [GM]'s management. Our responsibility is to express an opinion on [GM]'s financial statements based on our audits.").) SPS provides no basis to believe that EY-US's audit procedures or audit opinions on the consolidated financial statements have any relevance to its dispute with GM Brazil.

2

Further, SPS apparently has made a request to the Brazilian court for discovery from an EY entity in Brazil. (D.I. 12 at 10-11.) This request is presumably aimed at the EY Brazilian network firm ("EY-Brazil"). EY-US is an entirely separate and independent firm from EY-Brazil and does not perform any audit services in Brazil.[1] Regardless which EY firm SPS is intending to target in Brazil, its request to the Brazilian court further confirms SPS's shotgun approach of harassing third parties (who indisputably have no unique relevant information) with discovery requests in an apparent attempt to exert pressure on GM Brazil. More important, SPS's request in Brazil also confirms that the Application before this Court is an improper end-run around the Brazilian proceeding and should be denied.

Finally, while SPS claims its Application seeks a "discrete universe of documents and testimony" (D.I. 2 at 26), a brief glance at the discovery requests aimed at EY-US reveals this as false. In fact, SPS seeks information pertaining to GM's *worldwide* financial statements and related audits with *no limitation* whatsoever as to the relevance to SPS's dispute with GM Brazil. *See, e.g.*, Proposed

---

[1] Courts have long recognized that EY member firms of the EY international network are separate and independent of one another. *See, e.g.*, *Tuttle v. Sky Bell Asset Mgmt., LLC*, No. 10-cv-3588, 2011 WL 4713233, at *1 (N.D. Cal. Oct. 7, 2011) (noting that "members of Ernst & Young Global Limited, which is a global organization of member firms practicing under the Ernst & Young brand, . . . are all separate legal entities"); *Goh v. Baldor Elec. Co.*, No. 3:98-mc-64, 1999 WL 20943, at *3 (N.D. Tex. Jan. 13, 1999) (denying motion to compel documents in the possession of EY-Singapore and EY-Thailand from EY-US because each member firm is separate from the others).

Document Subpoena to EY-US (D.I. 2-1), at ECF p. 47 (Request 9: "All documents and communications concerning audit reports and related documents issued annually by the independent auditors of [GM] and [GM Brazil]."); Proposed Deposition Subpoena to EY-US (D.I. 2-1), at ECF p. 53 (Topic 1: "Financial statements and audit reports of [GM] from September 29, 2017, through the date of this Application."); *id.* at ECF p. 54 (Topic 9: "Audit reports and related documents issued annually by the independent auditors of [GM] And [GM Brazil].").) These requests would be unduly burdensome in any context, let alone when all arguably relevant information is available from the actual participants in the dispute. *See, e.g.*, *In re Macquarie Bank Ltd.*, No. 2:14-cv-797, 2015 WL 3439103, at *9 (D. Nev. May 28, 2015) ("When the information sought is equally available through the foreign proceeding from a party to that proceeding, such requests targeting a different person in the United States are by their very nature unduly burdensome.").[2]

## CONCLUSION

The Court should reject SPS's attempt to drag EY-US into a dispute about the amounts and ripeness of payments that GM Brazil admits it owes a Brazilian plaintiff

---

[2] To the extent SPS is permitted to serve discovery on EY-US, EY-US reserves the right to object to the scope of the requests and/or to move for a protective order under Rule 45. *See In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016) ("Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information.").

4

under Brazilian tax law. (*See* D.I. 12 at 2.) For the reasons set forth in GM's opposition, and for the additional reasons set forth above, the Court should deny the application.

Dated: March 28, 2022

Respectfully submitted,

*/s/ Peter B. Ladig*
Peter B. Ladig (#3513)
Ronald P. Golden (#6254)
**BAYARD, P.A.**
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Phone: (302) 429-4219
pladig@bayardlaw.com
rgolden@bayardlaw.com

Richard T. Marooney*
J. Emmett Murphy*
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, New York 10036-2601
Phone: (212) 556-2242
rmarooney@kslaw.com
jemurphy@kslaw.com

*Counsel for Ernst & Young LLP*

**Pro hac vice* application forthcoming

5

**<u>Certificate of Font-Type Size and Word Count Compliance</u>**

I hereby certify that the forgoing brief complies with the Honorable Colm F. Connolly's Standing Order Regarding Briefing In All Cases, in that it has been prepared with Times New Roman font, 14 point, and the substance of this brief totals 981 words according to the word-processing system used to prepare it, which falls within the 5,000-word limitation.

*/s/ Peter B. Ladig*
Peter B. Ladig (#3513)
