# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>*EX PARTE* APPLICATION OF SPS CORP I – FUNDO DE INVESTIMENTO EM DIREITOS CREDITÓRIOS NÃO PADRONIZADOS FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782<br><br>                   Applicant. | Case No.: 1:21-mc-565-CFC |

## SPS CORP I – FUNDO DE INVESTIMENTO EM DIREITOS CREDITÓRIOS NÃO PADRONIZADOS' MEMORANDUM OF LAW REPLY TO RESPONDENTS' OPPOSITIONS TO *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

THE ROSNER LAW GROUP LLC
Frederick B. Rosner
Jason A. Gibson
824 N. Market Street, Suite 810
Wilmington, DE 19801
(302) 777-1111
rosner@teamrosner.com
gibson@teamrosner.com

MB SCANLON PLLC
Gabriela M. B. Scanlon
4301 50th Street, N.W. 1st Floor
Washington, D.C. 20016
gabriela@mbscanlon.com

Dated: April 25, 2022

*Counsel for Applicant SPS CORP I – Fundo de Investimento em Direitos Creditórios Não Padronizados*

{00033221. }

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

ARGUMENT ........................................................................................................... 3

    I.    CONTRARY TO RESPONDENTS' CLAIMS, THE APPLICANT SATISFIES ALL THREE STATUTORY REQUIREMENTS UNDER SECTION 1782. .................................... 3

        A.    The Discovery Sought by the Applicant is "For Use" in Foreign Proceedings ................................................................. 4

        B.    The Statute's "Found in" Element is Satisfied, as All Respondents are Found in This District ...................................... 6

    II.    THE DISCRETIONARY FACTORS UNDER Section 1782 WEIGH HEAVILY IN FAVOR OF PERMITTING THE DISCOVERY SOUGHT BY THE APPLICANT ............................... 8

        A.    *Intel* Factor No. 1 – Respondents Are not Parties to the Foreign Proceedings ................................................................. 8

        B.    *Intel* Factor No. 2 – Respondents Fail to Meet their Burden to Show That the Foreign Tribunal Would Not Be Receptive to Discovery Sought Pursuant to § 1782 ............. 9

        C.    *Intel* Factor No. 3 – The Application Does Not Circumvent Foreign or U.S. Laws and Policies. ..................... 11

        D.    *Intel* Factor No. 4 – The Application is Not Overly Intrusive or Burdensome ..................................................... 12

CONCLUSION ..................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**

*Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262 (11th Cir. 2014) .................................5, 6
*Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, LLP*, 798 F.3d 113 (2d Cir. 2015)..................................................................................................................6
*In re Application of Gilead Pharmasset LLC*, 2015 WL 1903957 (D. Del. Apr. 14, 2015) ......................................................................................................................10
*In re Application of Global Energy Horizons Corp.*, 647 F. App'x 83 (3d Cir. 2016) ......................................................................................................................12
*In re Application of Imanagement Servs.*, 2006 WL 547949 (D.N.J. February 28, 2006) ........................................................................................................................9
*In re Chevron Corp.*, 633 F.3d 153 (3d Cir. 2011).....................................................12
*In re Ex Parte Application of Eni S.p.A.*, 2021 WL 1063390 (D. Del. Mar. 19, 2021) ......................................................................................................................11
*In re Gemeinshcaftspraxis Dr. Med. Schottdorf*, 2006 WL 3844464 (N.Y.S.D. December 29, 2006) ................................................................................................9
*In re Hansainvest Hanseatische Investment-GmbH*, 364 F. Supp. 3d 243 (S.D.N.Y. 2018)........................................................................................................................5
*In re Hornbeam Corp.*, 722 F. App'x 7 (2d Cir. 2018) ..............................................5
*In re Oxus Gold PLC*, 2007 WL 1037387 (D.N.J. Apr. 2, 2007).............................10
*In re Top Matrix Holdings Ltd.*, 2020 WL 248716 (S.D.N.Y. Jan. 16, 2020) .......3, 8
*In the Matter of Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095 (2d Cir. 1995) 9
*INVISTA N. Am. S.A.R.I. v. M7G USA Corp.*, 2013 WL 2456252 (D. Del. June 5, 2013) ......................................................................................................................11
*INVISTA N. Am. S.A.R.L. v. M & G USA Corp.*, 2013 WL 186734 (D. Del. Mar. 28, 2013) ................................................................................................................11
*Leon v. Clorox Co.*, 2021 WL 718840 (N.D. Cal. Feb. 24, 2021) ............................7
*Matter of De Leon*, 2020 WL 1180729 (S.D. Ohio Mar. 12, 2020) .........................7
*Matter of HES (Caribbean) Int'l Holdings, S.R.L.*, 2020 WL 728892 (D.N.J. Feb. 13, 2020)............................................................................................................. 9, 12
*Mees v. Buiter*, 793 F.3d 291 (2d Cir. 2015) .................................................... 11, 13
*Sandra Holding Ltd. v. Al Saleh*, 2019 WL 3072197 (D. Mass. July 15, 2019) .......5
*Via Vadis Controlling GmbH v. Skype, Inc.*, 2013 WL 646236 (D. Del. Feb. 21, 2013) ......................................................................................................................11

**Statutes**

28 U.S.C. § 1782 .......................................................................................... passim

**Rules**

Fed. R. Civ. P. 45(a)(1)(A)(iii) ................................................................................7

SPS Corp I – Fundo de Investimento em Direitos Creditórios Não Padronizados ("SPS" or "Applicant") respectfully submits this Reply to Respondents' Oppositions to its *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings (the "Oppositions"). (D.I. 12, 15, 16).

## PRELIMINARY STATEMENT

As demonstrated in SPS's application for discovery under 28 U.S.C. § 1782 (the "1782 Application" or the "Application"), together with the first and additional declarations of Mr. Bruno Poppa[1], the applicable statutory and discretionary factors all weigh in favor of granting SPS the discovery it seeks:

(i) SPS is a party to a foreign proceeding that seeks the evidence for use in that proceeding, as well as in a contemplated foreign proceeding – both of which are or would be against General Motors do Brazil LTDA ("GM Brazil"), a Brazilian company;

(ii) Respondents are undoubtedly "found in" this District, as they are all organized under the laws of Delaware;

(iii) SPS is an interested person, as it is a party to the Brazilian proceeding and would be a party to a contemplated proceeding in Brazil;

---

[1] Mr. Poppa's additional declaration is attached hereto as Ex. A.

{00033221. }

(iv) Respondents are not parties to the foreign proceeding and will not be parties to the contemplated proceeding;

(v) the foreign tribunal would be receptive to the discovery sought, as SPS has obtained two favorable rulings in the foreign proceeding requiring GM Brazil to produce the documents – both of which GM Brazil has refused to comply with;

(vi) SPS is not seeking to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United State, as the foreing tribunal has not rejected requests for the same documents – indeed, the opposite is true here; and

(vii) the requests are not unduly burdensome, as they seek a discrete set of documents that should be readily identifiable and easy for Respondents to produce.

Faced with these facts, Respondents focus their Oppositions on arguing that (a) the true target of the 1782 Application is GM Brazil, rather than Respondents, and (b) the requested discovery will not be admissible in the foreign proceedings.

The first contention should be rejected because it confuses the true target *against which* the dicovery sought will be used (GM Brazil), with the target *from whom* discovery is sought in this Application (Respondents). Respondents repeatedly argue that the documents are in the possession of GM Brazil, but that is not the critical inquiry. Rather, the critical inquiry is whether the documents are in *Respondents'* possession, custody, or control – a fact that none of the Respondents has denied. If Respondents truly did not have possession, custody, or control over

the requested discovery, they would have showcased that fact in their Oppositions. They did not because, as alleged by SPS, they do have possession, custody, or control of the discovery sought. Moreover, Respondents' arguments ignore the plethora of cases where Section 1782 applications have been granted even where a foreign affiliate is a party to the foreign proceeding and may be in possession of some or all of the sought-after discovery. *See, e.g.*, *In re Top Matrix Holdings Ltd.*, 2020 WL 248716, at *5 (S.D.N.Y. Jan. 16, 2020) ( "[T]hat information possessed by Credit Suisse USA is also likely possessed by Credit Suisse in Switzerland is not relevant."). Even more significantly, Respondents ignore the fact that SPS has already sought the discovery from GM Brazil, obtained favorable court orders, and still has not been able to obtain the discovery because GM Brazil has refused to comply with those orders. As a result, SPS filed the instant Application, which should be granted.

The Oppositions should accordingly be denied.

## ARGUMENT

I. **CONTRARY TO RESPONDENTS' CLAIMS, THE APPLICANT SATISFIES ALL THREE STATUTORY REQUIREMENTS UNDER SECTION 1782.**

Respondents argue SPS fails to satisfy two of the three statutory requirements under Section 1782: (i) that the evidence SPS seeks in its Application is not "for use" in a foreign proceeding that is within reasonable contemplation; and (ii) that the

targets of the discovery neither reside in nor are found in this District. (D.I. 12 at 2.) First, the discovery SPS seeks here is for use both in foreign proceedings. Second, Respondents are all Delaware-incorporated companies that are not parties to the Brazilian Proceeding, nor will they be parties to the contemplated proceeding. Respondents do not contend that SPS is an interested person in the foreign proceedings.

Accordingly, the Court should grant the Application. *See In re Bayer AG*, 146 F.3d at 195 ("[D]istrict courts should treat relevant discovery materials sought pursuant to § 1782 as discoverable unless the party opposing the application can demonstrate facts sufficient to justify the denial of the application.").

### A. The Discovery Sought by the Applicant is "For Use" in Foreign Proceedings.

Applicant is a party in a Brazilian proceeding and has twice secured favorable orders from the São Paulo State Court directing GM Brazil to produce the documents it requested as part of that proceeding. Respondents incorrectly state that SPS does not have standing to initiate a contemplated proceeding in Brazil based solely on its unilateral argument that SPS does not have a cause of action. (D.I. 12 at 2- 3.) The argument fails as a matter of law.

The Supreme Court as well as this Circuit have held that a Section 1782 request can be used to obtain information before the foreign proceeding is

commenced so long as it is within reasonable contemplation. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 243, 259 (2004) (Section 1782 "requires only that a dispositive ruling…be within reasonable contemplation."); *see also In re Hornbeam Corp.*, 722 F. App'x 7, 9 (2d Cir. 2018)

In determining whether a proceeding is "within reasonable contemplation," courts have considered various factors, including whether the applicant has (1) retained foreign counsel; (2) reviewed certain company documents; (3) retained experts; (4) made affirmative representations in oral argument that they would file the action before a specific time period; (5)  provided valid reasons for obtaining the requested discovery; and (6) provided a detailed, legitimate explanation of its ongoing investigation.  *See*, *e.g.*, *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1271 (11th Cir. 2014) (; *see also Sandra Holding Ltd. v. Al Saleh*, No. 18-mc-91406-PBS, 2019 WL 3072197, at *3 (D. Mass. July 15, 2019);*In re Hansainvest Hanseatische Investment-GmbH*, 364 F. Supp. 3d 243, 249 (S.D.N.Y. 2018) (finding that an action was "reasonably contemplated" where the applicants had hired German counsel, retained experts, sent a detailed demand and "critically" where the applicants' counsel "made an affirmative representation at oral argument that the [a]pplicants would file their litigation before the end of the year"); *In re Hornbeam Corp.*, 722 F. App'x at 9 (finding that a proceeding was within reasonable contemplation

including because the applicant had previously brought two actions against the corporation from which it was seeking discovery and "represented that it intended to initiate further litigation once it obtained additional information."); *Consorcio Ecuatoriano*, 747 F.3d at 1270-71.

As set forth on the exhibits attached to the Application and Mr. Bruno Poppa's declarations, the contemplated proceeding in Brazil is certainly within reasonable contemplation and more than just a twinkle in counsel's eye.

Respondents argue that the discovery Applicant seeks will not be "for use" in the Brazilian proceedings. That argument also fails. In making this argument, Respondents rely on *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, LLP*, 798 F.3d 113, 122 n.11 (2d Cir. 2015). In that case, however, the applicant was not a party to any foreign proceeding, and there was no mechanism whereby the material sought could be used in a contemplated foreign proceeding. This is not the case for Applicant, which has its credit rights recognized by GM Brazil and Respondents, is already a party in the foreign proceeding and could be a party to the contemplated foreign proceeding.

**B.     The Statute's "Found in" Element is Satisfied, as All Respondents are Found in This District.**

Respondents argue that the Application does not target an entity "found" in this District because GM Brazil, an overseas wholly owned subsidiary, is the "true

target" of the Application. *See* D.I. 12 at 2. As courts rightly conclude, however, these "true target" arguments "wildly overcomplicate § 1782(a)'s 'found in' requirement." *Matter of De Leon*, 2020 WL 1180729, at *4 (S.D. Ohio Mar. 12, 2020). Section 1782 is satisfied when the recipient of the Section 1782(a) subpoena "resides or is found" in the District where the application was brought. *Id.* Respondents (all Delaware corporations) admit that they are all found in this District, and the proposed subpoenas are limited to evidence in their possession, custody, or control.

Respondents' real argument seems to be that they are the "wrong" target of the Application because GM Brazil is the company that may also have relevant discovery. Again, this is an argument that has been rejected in other cases. In *De Leon*, for example, the court rejected that argument because, like here, the proposed recipient of the subpoenas "undisputedly" resided in the District. *Id.* As the court observed, Section 1782(a) authorizes discovery to proceed "in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a). And the Federal Rules of Civil Procedure require a subpoenaed party to produce records in its "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). This makes Respondents the proper targets of Section 1782 for any discovery in its possession, custody, or control. *See Matter of De Leon*, 2020 WL 1180729, at *5; *see* also de *Leon v. Clorox Co.*, 2021 WL 718840, at *4 (N.D. Cal. Feb. 24, 2021)

## II. THE DISCRETIONARY FACTORS UNDER SECTION 1782 WEIGH HEAVILY IN FAVOR OF PERMITTING THE DISCOVERY SOUGHT BY THE APPLICANT

### A. *Intel* Factor No. 1 – Respondents Are not Parties to the Foreign Proceedings.

As Respondents concede, they are not parties to the foreign proceeding nor the contemplated proceeding. Respondents resort to theorizing that the same evidence Applicant here seeks may also be in the possession of GM Brazil, the respondent in the Brazilian proceeding and defendant to the Contemplated Proceeding. *See* D.I. 12 at 2. But that has little, if any, relevance to the first *Intel* factor. Where, as here, Respondents are not participants in the foreign proceedings, Section 1782 discovery is proper even if the same or similar evidence may be available from other sources. *See In re Top Matrix Holdings, Ltd.*, 2020 WL 248716, at *5 . *See In re O'Keeffe*, 646 F. App'x 263 (3d Cir. 2016). ("District court did not abuse its discretion in finding that evidence sought was not within foreign tribunal's jurisdictional reach, weighing in favor of order to issue subpoena requesting production of documents under federal statute that permitted domestic discovery for use in foreign proceedings, where person to whom subpoena was directed was not participant in foreign litigation and was outside foreign tribunal's jurisdictional reach. 28 U.S.C.A. § 1782.").

### B.    *Intel* Factor No. 2 – Respondents Fail to Meet their Burden to Show That the Foreign Tribunal Would Not Be Receptive to Discovery Sought Pursuant to § 1782.

The second *Intel* factor is "the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.  Respondents bear the burden to show a lack of receptivity through "affirmative evidence, such as evidence showing that the foreign jurisdiction rejected outright federal judicial assistance from the United States."  *In re Application of Imanagement Servs.*, 2006 WL 547949, at *4 (D.N.J. February 28, 2006); *see also Matter of HES (Caribbean) Int'l Holdings, S.R.L.*, 2020 WL 728892, at *3 (D.N.J. Feb. 13, 2020) ("[P]arties that apply for discovery under § 1782 enjoy a presumption in favor of foreign tribunal receptivity that can only be offset by reliable evidence that the tribunal would reject the evidence.").  Unless there is "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782," *In the Matter of Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995), "courts generally should err on the side of permitting the requested [Section 1782] discovery."  *In re Gemeinshcaftspraxis Dr. Med. Schottdorf*, 2006 WL 3844464, at *6 (N.Y.S.D. December 29, 2006).  And "[t]he party opposing the discovery bears the burden of persuading the Court that the foreign tribunals would not consider the discovery sought under § 1782." *In re Application of Gilead*

*Pharmasset LLC*, 2015 WL 1903957, at *2 (D. Del. Apr. 14, 2015). Respondents fail to satisfy that heavy burden.

Respondents cannot demonstrate that any Brazilian Court is unreceptive to receiving evidence submitted by SPS. This fact is fatal to Respondents' position.

Respondents do not even try to dispute that Brazilian Courts would be receptive to § 1782 discovery, as shown by Brazil's execution of the Hague Convention (S*ee* D.I. 2 at 23 and 24).

Respondent fails to identify any reason why the second *Intel* factor would weigh against granting Applicant's request for discovery. *See In re Oxus Gold PLC,* No. MISC 06-82-GEB, 2007 WL 1037387, at *6 (D.N.J. Apr. 2, 2007). ("Turning next to the issue of admissibility, the Court notes that this Circuit has consistently held that a party seeking a discovery order under 28 U.S.C. § 1782 need not demonstrate that the information sought would be admissible in the foreign proceedings. *In re Bayer*, 146 F.3d at 193; *see* also *John Deere, Ltd.*, 754 F.2d at 133 (holding that 28 U.S.C. § 1782(a) does not require district court to consider the ultimate admissibility of evidence in the foreign jurisdiction.). The argument that the Section 1782 Order should be vacated on the ground that the evidence sought would not be neither discoverable nor admissible in the foreign proceedings is therefore unavailing.")

### C. *Intel* Factor No. 3 – The Application Does Not Circumvent Foreign or U.S. Laws and Policies.

The third *Intel* factor considers "whether the § 1782 request is essentially an attempt to circumvent foreign proof-gathering restrictions." *Via Vadis Controlling GmbH v. Skype, Inc.*, 2013 WL 646236, at *2 (D. Del. Feb. 21, 2013). This factor applies only in the extreme circumstances where a § 1782 application would circumvent "proof-gathering restrictions," that is, "rules akin to privileges that prohibit the acquisition or use of certain materials," *Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015), or "when the foreign tribunal has already rejected requests for the same documents," *In re Ex Parte Application of Eni S.p.A.*, 2021 WL 1063390, at *4 (D. Del. Mar. 19, 2021). In assessing this factor, courts look to "whether a foreign court has denied the moving party access to the documents at issue." *INVISTA N. Am. S.A.R.L. v. M & G USA Corp.*, 2013 WL 1867345, at *4 (D. Del. Mar. 28, 2013), report and recommendation adopted sub nom. *INVISTA N. Am. S.A.R.I. v. M7G USA Corp.*, 2013 WL 2456252 (D. Del. June 5, 2013).

None of those circumstances is present here. On the contrary, Respondents concede that the Brazilian Court has not denied Applicant access to the discovery sought in the Brazilian proceedings, nor have Respondents pointed to any discovery restriction or policy applying to a Brazilian judicial proceeding that would prevent the discovery sought here. *See In re Liverpool Ltd. P'ship*, 2021 WL 3793901, at *2 ("If … rules and policies allow the discovery sought by [Applicant's] subpoena

without restriction, [Applicant] can't logically be accused of circumventing those rules and policies."). That undisputed fact alone tips the third *Intel* factor decisively in Applicant's favor. *See*, *e.g.*, *In re Chevron Corp.*, 633 F.3d 153, 163 (3d Cir. 2011) ("Without a definitive determination that the [foreign court] has denied . . . access to the same documents [sought in the §] 1782 discovery application . . . it cannot be said that [the] application is 'an attempt to circumvent foreign proof-gathering restrictions.'"). In addition, "an applicant is not required to exhaust foreign options before requesting that a district court grant discovery under 28 U.S.C. § 1782(a)." *Matter of HES (Caribbean) Int'l Holdings, S.R.L.*, 2020 WL 728892, at *4.

### D. *Intel* Factor No. 4 – The Application is Not Overly Intrusive or Burdensome.

The final *Intel* factor looks to whether the discovery requests are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. This determination is considered under the same standard set forth in Federal Rules of Civil Procedure 26 and 45. *See In re Application of Global Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016). The Subpoenas plainly satisfy this requirement as they limit the document requests to straightforward requests and seek narrow categories of information concerning the contractual relationship between Applicant and GM Brazil related to the IPI tax credits. Respondents' efforts to paint those targeted requests as unduly burdensome are unavailing. Indeed, Respondents provide no evidence about the

large volume of responsive material, no data about electronic or hard copy collection, and nothing about time or resources needed for any review. Indeed, Respondents highlight many alleged burdens that have been explicitly considered and rejected by this very Court. *See In re Liverpool Ltd. P'ship*, 2021 WL 3793901, at *3 (Respondent's "contention that 'the subpoena would require it to import these documents from Japan, translate the documents, and have U.S. attorneys review the documents—only then to have the documents eventually shipped back to Japan for use in a Japanese appraisal proceeding' is ill founded.")

In short, there is no legitimate burden, let alone an "undue" burden in responding to the proposed discovery. And if the Court has concerns about the requested discovery, the remedy is to tailor that discovery rather than deny the application outright. *Mees,* 793 F.3d at 302.

## **CONCLUSION**

For the reasons set forth above and in the Applicant's 1782 Application and memorandum of law in support thereof, the Court should deny Respondents' Oppositions and grant the Application.

[*Remainder of Page Intentionally Left Blank*]

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 25, 2022 Wilmington, Delaware | **THE ROSNER LAW GROUP LLC** |
|  | */s/ Jason A. Gibson* <br> Frederick B. Rosner (#3995) <br> Jason A. Gibson (#6091) <br> 824 N. Market Street, Suite 810 <br> Wilmington, DE 19801 <br> (302) 777-1111 <br> rosner@teamrosner.com <br> gibson@teamrosner.com |
|  | and |
|  | MB SCANLON PLLC <br> Gabriela M. B. Scanlon * <br> 4301 50th Street, N.W, 1st Floor <br> Washington, D.C. 20016 <br> gabriela@mbscanlon.com |
|  | * Motions for *pro hac vice* admission forthcoming |
|  | *Attorneys for Applicant SPS I Fundo de Investimento de Ações – Investimento no Exterior* |

{00033221. } 14