# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>*EX PARTE* APPLICATION OF SPS CORP I – FUNDO DE INVESTIMENTO EM DIREITOS CREDITÓRIOS NÃO PADRONIZADOS FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:21-mc-00565-CFC |

### RESPONDENT GENERAL MOTORS COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO APPLICANT'S MOTION FOR RECONSIDERATION

Daniel A. Mason (#5206)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
500 Delaware Avenue, Suite 200
Post Office Box 32
Wilmington, DE 19899-0032
(302) 655-4410 *phone*
Email:  dmason@paulweiss.com

Of Counsel:
Lewis R. Clayton
Darren W. Johnson
Amitav Chakraborty
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064

*Counsel for Respondent*
*General Motors Company*

DATED:    September 27, 2022

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT ........................................................................................................2

I.      RECONSIDERATION IS NOT WARRANTED BECAUSE
        THE *INTEL* FACTORS STILL WEIGH AGAINST THE
        APPLICATION.............................................................................................3

        A.      SPS May Still Pursue Discovery in Brazil ..............................4

        B.      The Character of the Brazilian Proceedings Continues to Counsel
                Against Granting the Discovery SPS Seeks Here ...................6

        C.      The Brazilian Judgment Confirms That Granting SPS's
                Application Would Circumvent Brazilian Proof-Gathering
                Restrictions ...............................................................................7

II.     RECONSIDERATION ALSO IS NOT WARRANTED
        BECAUSE THE APPLICATION DOES NOT MEET THE
        REQUIREMENTS OF SECTION 1782 OR COMPORT WITH
        THE FEDERAL RULES ........................................................................9

CONCLUSION ....................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Atvos Agroindustrial Investimentos S.A.*,
481 F. Supp. 3d 166 (S.D.N.Y. 2020) ................................................................8

*Bohus* v. *Beloff*,
950 F.2d 919 (3d Cir. 1991) .............................................................................3

*Comision Ejecutiva Hidroelectrica del Rio Lempa* v. *Nejapa Power
Co., LLC*,
No. CIV.A. 08-135-GMS, 2008 WL 4809035 (D. Del. Oct. 14,
2008) .............................................................................................................2

*In re Effecten-Spiegel AG*,
No. 18MC93 (DLC), 2018 WL 3812444 (S.D.N.Y. Aug. 10, 2018),
*aff'd sub nom. Effecten-Spiegel AG* v. *Lynch*, 771 F. App'x 38 (2d
Cir. 2019) ......................................................................................................7

*In re Ex Parte Glob. Energy Horizons Corp.*,
647 F. App'x 83 (3d Cir. 2016) ......................................................................6

*In re OOO Promnefstroy*,
Misc. No. M 19-99 (RJS), 2009 WL 3335608 (S.D.N.Y. Oct. 15,
2009) .............................................................................................................6

**Statutes**

Brazilian Code of Civil Procedure, Article 381.............................................5, 7, 8

28 U.S.C. § 1782 ...............................................................................*passim*

**Other Authorities**

D. Del. Loc. R. 7.1.5(a)........................................................................................2

ii

Respondent General Motors Company ("GM") respectfully submits this opposition to the motion for reconsideration (the "Motion") of the Court's August 13, 2022 Order (the "Order") filed by Applicant SPS Corp I – Fundo de Investimento em Direitos Creditórios Não Padronizados ("SPS").

## PRELIMINARY STATEMENT

Far from supporting reconsideration, the judgment entered by the Brazilian court (the "Brazilian Judgment") confirms and provides additional support for the Order, and SPS's Motion fails to challenge any of the essential grounds of this Court's decision.

The Brazilian Judgment makes clear that the discovery SPS is seeking is premature and unauthorized and should instead be sought, if at all, in a merits proceeding in Brazil if and when SPS obtains standing to file such a suit.  Thus, the Brazilian Judgment confirms that the Brazilian court is not receptive to the discovery SPS seeks, and lays bare SPS's attempt to circumvent the Brazilian courts and their proof-gathering restrictions by pursuing the same discovery through this Court.  Mischaracterizing the Brazilian Judgment's key holding, SPS repeatedly suggests that the Brazilian court's refusal to grant pre-litigation discovery leaves SPS no choice but to obtain such discovery through this Court.  But the Brazilian Judgment specifically recognizes SPS's ability to pursue such discovery in Brazil if and when its claim is ripe.

Moreover, SPS does not dispute this Court's finding that the discovery SPS seeks here is substantially the same as the discovery it is seeking from GM Brazil in the Brazilian courts.  Order at 9.  As the Court correctly noted in its Order, the purpose of Section 1782 is to "help[] parties obtain discovery in the United States, where foreign tribunals lack jurisdiction."  *Id.*  The Brazilian Judgment confirms that the Brazilian courts in fact have jurisdiction to order the discovery SPS seeks from GM Brazil.  SPS thus should be required to pursue the discovery in a merits proceeding in the Brazilian courts rather than through its Application here that undermines the aims of Section 1782 and would improperly force this Court to resolve a dispute between two Brazilian entities regarding documents and witnesses in Brazil.

## **ARGUMENT**

It is well-settled that "motions for reconsideration should be granted only sparingly."  *Comision Ejecutiva Hidroelectrica del Rio Lempa* v. *Nejapa Power Co., LLC*, No. CIV.A. 08-135-GMS, 2008 WL 4809035, *1 (D. Del. Oct. 14, 2008) (citation omitted); *see also* D. Del. Loc. R. 7.1.5(a) ("Motions for reargument shall be sparingly granted.").  "In this district, these types of motions are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension."  *Comision Ejecutiva*, 2008 WL 4809035, at *1. None of those grounds is present here, as SPS effectively concedes.

Nonetheless, SPS argues that reconsideration is warranted due to "the availability of new evidence that was not available when the court [made its previous decision]." Motion at 2 (alteration in original). But "[n]ewly discovered evidence refers to evidence of facts in existence at the time of [the previous decision] of which the aggrieved party was excusably ignorant." *Bohus* v. *Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (citation and alterations omitted). SPS has identified no such facts. Instead, its Motion rests entirely on the Brazilian Judgment entered by the Brazilian court *after* this Court's Order. Notably, SPS fails to cite any authority for the proposition that a post-decision ruling in another case constitutes "new evidence" that supports reconsideration. Nor are we aware of any such authority. On this basis alone, SPS's Motion should be denied.

But even if the Brazilian Judgment were to be considered "new evidence," SPS's Motion still should be denied because, as discussed below, the Brazilian Judgment confirms and provides additional support for this Court's conclusion that the *Intel* factors weigh against the Application, and SPS also does not meet the requirements of Section 1782 and the Federal Rules of Civil Procedure.

## I.      RECONSIDERATION IS NOT WARRANTED BECAUSE THE *INTEL* FACTORS STILL WEIGH AGAINST THE APPLICATION

The Court correctly concluded that the *Intel* factors weigh against SPS's Application because (1) SPS can obtain the discovery it seeks in Brazil and (2) the character of the foreign proceedings and the receptivity of the foreign tribunal to the

discovery SPS seeks caution against granting the Application.  Order at 5-7.  Those factors weigh even more heavily against the Application after the Brazilian Judgment.  The Brazilian Judgment makes clear that SPS is still able to pursue in Brazil the same discovery it is seeking here, and the potential receptivity of the Brazilian courts to that discovery continues to counsel against compelling discovery here.  Moreover, the Brazilian Judgment provides an additional ground for denying SPS's Application because it confirms that granting SPS's requested discovery at this pre-litigation stage would circumvent Brazilian proof-gathering restrictions.  For these reasons, as discussed more fully below, it is now even more clear that the *Intel* factors weigh against the Application and reconsideration should be denied.

### A.     SPS May Still Pursue Discovery in Brazil

SPS's Motion rests largely on its erroneous claim that the Brazilian Judgment prevents it from obtaining the discovery it seeks from GM Brazil in the Brazilian courts.  Motion at 5-7.  To the contrary, the Brazilian Judgment itself expressly states that SPS remains able to pursue that discovery in a merits proceeding in Brazil.

As GM described in its opposition to the Section 1782 request, the discovery SPS seeks is premature because it has no current right to payment of the tax credits.  Opp. at 4-7; Simão Decl. ¶¶ 6-13.  GM Brazil timely filed a proof of claim in 2019 with the Receita Federal do Brasil ("RFB"), the RFB has a five-year window upon receipt to examine the tax credit amount and ratify the request, and GM Brazil's

duty to transfer the tax credits to the dealerships does not arise unless and until (i) the RFB ratifies the amount in the proof of claim, or (ii) the five-year examination period expires.  Opp. at 4-5.  SPS will only have standing to sue if GM Brazil fails to transfer the tax credits at that time.  *Id.* at 5-6.

Rather than wait until it had standing, SPS chose instead to file a purported and improper pre-litigation discovery proceeding pursuant to Article 381 of the Brazilian Code of Civil Procedure.  As the Brazilian court stated in denying SPS's request, "the purpose of [such a proceeding] is to preserve the evidence . . . ensuring that certain evidence is not lost or destroyed," and "one cannot transform the nature of the preliminary discovery lawsuit action into . . . an action to compel evidence." Brazilian Judgment at 3-4.  Tellingly, SPS now belatedly concedes that it had no right to file this proceeding.  Motion at 7 ("[T]he São Paulo Court is statutorily limited from compelling GM Brazil to produce the remaining evidence [in an Article 381 proceeding]").

That SPS improperly invoked the pre-litigation discovery procedure in Article 381, and that the Brazilian court rightfully rejected its attempt to do so, does not alter the fact—as the Brazilian court made clear in its decision—that SPS still may challenge the sufficiency of the documents produced thus far by GM Brazil and pursue any additional discovery in a merits proceeding in Brazil.  *See* Brazilian Judgment at 4 (ruling that it is "incumbent upon plaintiff" to "weigh [] the filing of

any future action," and "that the sufficiency or not of the documents presented . . . is a subject to be examined in any main action, under the rules of the burden of proof"). Indeed, SPS acknowledges that it may obtain such discovery "by filing the contemplated proceeding" in the Brazilian court. Motion at 7. That is a concession that there is no need—and no authorization—for its Application here.

Where, as here, "the discovery sought is within the foreign tribunal's jurisdictional reach, and therefore accessible without seeking the aid of § 1782," the first *Intel* factor weighs against granting the application. *In re Ex Parte Glob. Energy Horizons Corp.*, 647 F. App'x 83, 85 (3d Cir. 2016); *see also In re OOO Promnefstroy*, Misc. No. M 19-99 (RJS), 2009 WL 3335608, at *5 (S.D.N.Y. Oct. 15, 2009) ("[I]t is the foreign tribunal's ability to control the evidence and order production . . . on which the district court should focus.").

### B.    The Character of the Brazilian Proceedings Continues to Counsel Against Granting the Discovery SPS Seeks Here

This Court found that the second *Intel* factor weighed against granting the Application because SPS was seeking the same discovery in Brazil, and "the Sao Paulo court may not be receptive to the discovery I order, or I may duplicate that tribunal's efforts." Order at 7. Those same concerns remain—and in fact are even stronger—now. The Brazilian Judgment makes clear that the Brazilian courts are not receptive to the discovery SPS seeks unless and until it obtains standing, but

recognized that SPS could pursue that same discovery in a merits proceeding in the same Brazilian court if and when its claim is ripe. Brazilian Judgment at 4.

SPS erroneously contends that because the Article 381 pre-litigation proceeding is concluded, it has no other choice but to seek the discovery in this Court. Motion at 6. But the Brazilian Judgment in no way forecloses SPS pursuing the same discovery in a merits proceeding in the same Brazilian court. In fact, the Brazilian Judgment expressly contemplates SPS doing so, as SPS itself concedes: "the Final Order does recognize SPS's ability to seek the evidence production by filing the contemplated proceeding." Motion at 7.

Accordingly, out of "respect for the Sao Paulo court and the goal of efficient litigation," Order at 7, the Court should adhere to its decision. *See In re Effecten-Spiegel AG*, No. 18MC93 (DLC), 2018 WL 3812444, at *2 (S.D.N.Y. Aug. 10, 2018) (rejecting reconsideration of ruling denying Section 1782 application and noting that petitioner's application was denied in part because the foreign court denied the requested discovery), *aff'd sub nom. Effecten-Spiegel AG* v. *Lynch*, 771 F. App'x 38 (2d Cir. 2019).

### C. The Brazilian Judgment Confirms That Granting SPS's Application Would Circumvent Brazilian Proof-Gathering Restrictions

The Court found that the third *Intel* factor—whether SPS is attempting to circumvent foreign proof-gathering restrictions—was "neutral, at least for now." Order at 7. The Brazilian Judgment has now confirmed that this factor weighs

squarely against SPS—granting the Application would circumvent Brazilian proof-gathering restrictions at this pre-litigation stage.  This is the result the Court contemplated when it observed that "if the Sao Paulo court rules in favor of GM Brazil, any discovery I provide would likely circumvent foreign proof-gathering restrictions because the foreign tribunal has already rejected requests for the same documents."  Order at 8 (internal citations and alterations omitted).

SPS's suggestion that the Brazilian court "did not rule in favor of GM Brazil," Motion at 8, is belied by the plain and unambiguous language of the Brazilian Judgment.  The Brazilian court rejected SPS's request for pre-litigation discovery and agreed with GM Brazil that such discovery was premature and not an appropriate subject of an Article 381 proceeding, and instead should be pursued, if at all, at the appropriate time in a merits proceeding in the same court.  There thus can be no serious dispute that the Brazilian court denied SPS's application and ruled in GM Brazil's favor.

The Brazilian court dismissed SPS's proceeding and ruled that it may pursue discovery only if and when it gains standing.  Thus, if this Court were to grant SPS's Application, it would be circumventing those Brazilian proof-gathering restrictions. *See In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d 166, 177 (S.D.N.Y. 2020) (when applicant "made the tactical decision to seek discovery from its opponent (and its affiliates)" in the U.S. due to the limited ability to engage in

8

pretrial discovery in Brazil, applicant evinced an attempt to make an "end-run

around [Brazil's] proof gathering restrictions").

## II. RECONSIDERATION ALSO IS NOT WARRANTED BECAUSE THE APPLICATION DOES NOT MEET THE REQUIREMENTS OF SECTION 1782 OR COMPORT WITH THE FEDERAL RULES

This Court denied SPS's Application under the discretionary *Intel* factors, and

therefore did not need to reach the question of whether the application meets the

statutory requirements of Section 1782 or comports with the Federal Rules of Civil

Procedure.  Order at 5-6.  But those requirements still provide an additional basis for

denying SPS' Motion.

As discussed in GM's opposition to the Application, SPS fails to meet the

Section 1782 statutory requirements because (1) GM Brazil—the true target of the

Application—does not reside in, and is not found in, this District, and (2) SPS fails

to show that the requested information is "for use" in a foreign proceeding that is

within reasonable contemplation.  Opp. at 13-20.  GM Brazil continues not to reside

in, or be found in, this District.  And SPS's Motion only further confirms that SPS

lacks standing—and may never obtain standing—to bring a merits proceeding in

Brazil.

SPS's Application also does not comport with the Federal Rules of Civil

Procedure, which do not permit discovery that can be equally obtained from another

source that is "more convenient, less burdensome, or less expensive," such as—in

this case—through GM Brazil in Brazil.  *Id.* at 31-32 (citing Rule 23(b)(2)(C) and Rule 45).

## **CONCLUSION**

For the reasons set forth above, the Court should deny SPS's Motion for Reconsideration.

Dated:  September 27, 2022

Respectfully submitted,

Paul, Weiss, Rifkind,
   Wharton & Garrison LLP

By: */s/  Daniel A. Mason*
   Daniel A. Mason (#5206)
   500 Delaware Avenue, Suite 200
   Post Office Box 32
   Wilmington, DE 19899-0032
   (302) 655-4410 *phone*
   (302) 655-4420 *fax*
   Email:  dmason@paulweiss.com

Of Counsel:
Lewis R. Clayton
Darren W. Johnson
Amitav Chakraborty
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

*Counsel for Respondent*
*General Motors Company*

10

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this filing complies with the type, font, and word-count limitations set forth in the Court's Standing Order Regarding Briefing in All Cases of November 6, 2019.  According to the word processing system used to prepare it, the foregoing document contains 2,233 words, excluding the case caption, table of contents, table of authorities, and signature block.  The text of this filing was prepared in Times New Roman, 14 point font.

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP

By: */s/  Daniel A. Mason*
    Daniel A. Mason (#5206)
    500 Delaware Avenue, Suite 200
    Post Office Box 32
    Wilmington, DE 19899-0032
    (302) 655-4410 *phone*
    (302) 655-4420 *fax*
    Email:  dmason@paulweiss.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 27, 2022, a copy of the foregoing

Memorandum of Law was filed electronically.  Notice of this filing will be sent by

email to all parties by operation of the Court's electronic filing system.  Parties may

access this filing through the Court's CM/ECF System.


*/s/  Daniel A. Mason*
Daniel A. Mason (#5206)