IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM SPS CORP 1 | 21-mc-565-CFC |

## MEMORANDUM ORDER

SPS Corp 1 – Fundo de Investimento em Direitos Creditórios Não Padronizados (SPS) has moved for reconsideration of my decision on August 30, 2022 to deny SPS's application brought pursuant to 28 U.S.C. § 1782(a) for an order authorizing it to subpoena General Motors Company (GM) and its auditors to obtain discovery for use in Brazilian court proceedings. D.I. 31 at 1.

At the time I issued the August 30 Order, a "preliminary discovery lawsuit" filed by SPS to obtain essentially the same discovery it sought with its § 1782 application was pending in the 18th Civil Court of the Central Court of the State of São Paulo (the São Paulo court). D.I. 30 at 3. I denied SPS's § 1782 application in part because the São Paulo court proceeding was still pending. *See* D.I. 30 at 5–9. On September 1, 2022, the São Paulo court issued an order denying SPS's preliminary discovery lawsuit. D.I. 31-1 at 4. SPS argues that the São Paulo court's order is "new evidence" that justifies reconsideration of my August 30 Order. D.I. 31 at 1–2.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). "Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *Id.* (citation omitted). The term "newly discovered evidence" refers to "evidence of facts *in existence at the time of [the party's] original filing*." *Lusick v. Lawrence*, 439 F. App'x 97, 99 (3d Cir. 2011) (emphasis added); *see also Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) ("[T]he term 'newly discovered evidence' refers to 'evidence of facts *in existence at the time* of [the proceeding] of which the aggrieved party was excusably ignorant.'") (emphasis added and citation omitted).

SPS therefore may not submit the São Paulo court's September 1 Order in support of its motion, and I will not reconsider the August 30 Order. Permitting the reconsideration of an order based on evidence developed after the order was issued cannot be reconciled with the important values of finality and judicial efficiency. *See Stutson v. United States*, 516 U.S. 193, 197 (1996) ("Judicial efficiency and finality are important values."). And it would encourage parties to do what SPS did here—bring parallel proceedings in a foreign court and a federal district court for the same discovery. SPS made a tactical decision to file—and thus make it necessary for this Court to expend precious resources to adjudicate—

its § 1782 application during the pendency of the São Paulo court discovery proceedings. Having caused two courts to review and rule on its discovery requests, SPS must now live with the consequences of that decision.

NOW THEREFORE, at Wilmington this Seventh day of November in 2022, **IT IS HEREBY ORDERED** that SPS Corp 1 – Fundo de Investimento em Direitos Creditórios Não Padronizados's Motion for Reconsideration of Order Denying Application for Leave to Obtain Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (D.I. 31) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE